PALMER LUMBER COMPANY, INCORPORATED, Plaintiff, *v.* ROSE E. WHITNEY, Defendant.

Supreme Court, Monroe County, March 19, 1930.

---

* Section 64 was amended by Laws of 1925, chapter 561.— [REP.

*Lewis, McKay, Bown & Johnson,* for the plaintiff.

*William A. Ader,* for the defendant.

RODENBECK, J. The defendant has not raised an issue as to any infirmity in the note in question. After she had given the note to the contractor, and before it was accepted by the plaintiff, she claims that the plaintiff was told that she had given the contractor a note so that he could get material for a house that she was remodeling, and that she would like to have the plaintiff make sure that the lumber would be delivered to her house, and, also, that the contractor " was behind in his contract " and she was " afraid it would not be completed." Other statements in the affidavit in opposition to the motion for summary judgment are mere conclusions and do not raise an issue of fact. The note was accepted subsequent to this conversation and a letter was written by the plaintiff to the defendant that the note must be paid when due, to which she did not reply. Thereafter and just prior to the maturity of the note, another letter was written to her, to which she made no reply, and when the note was protested and she was notified of this fact, she then advised the plaintiff that the contractor was not to turn in any notes and that she did not intend to pay it. When the plaintiff was called on the telephone before the note was accepted, the defendant then had an opportunity to advise the plaintiff as to any infirmity in the note, and, having failed to do so, but, on the contrary, having led the plaintiff to believe that the note was outstanding and would be presented to the plaintiff, and, subsequently, having remained silent when she had an opportunity to speak, she cannot now raise the question as to any infirmity in the note. The conversation over the telephone did not contain any information which would put the plaintiff on notice or impair the validity of the note. At that time the defendant had no defense to any note which she had given to the contractor, and there is now no ground upon which she can question the note in the hands of the plaintiff. Any defense available against the present holder of the note must have been available at the time the note was

presented to the plaintiff. A prospective breach of a contract is not a sufficient basis for a claim of infirmity in a note given before the breach occurs. It is only a present controversy or defect that can be availed of. " The purchaser was not affected by equities that might never have come into being." (*Title Guaranty Trust Co.* v. *Pam,* 232 N. Y. 441, 457.)

The motion is granted, with ten dollars costs to abide the event.